■ PNC BANK, N.A., Respondent, v BIANCA PORCO, Appellant. [745 NYS2d 79] —In an action, inter alia, to recover damages for the breach of an automobile lease, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered August 14, 2001, which, upon an order of the same court dated July 9, 2001, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against her in the principal sum of $6,668.27.

Ordered that the judgment is modified by deleting the provision thereof awarding the plaintiff the principal sum of $6,668.27, and substituting therefor a provision awarding the plaintiff the principal sum of $530; as so modified, the judgment is affirmed, with costs to the defendant.

The defendant entered into an agreement with the plaintiff pursuant to which she leased a vehicle for 36 months. At the end of the lease term, the defendant properly returned the vehicle to the plaintiff at the location set forth in the lease. Subsequently, the plaintiff claimed that the defendant defaulted under the lease and it had lawfully repossessed the vehicle. The plaintiff commenced this action alleging that the defendant owed $6,668.27 as a result of her default and its repossession of the vehicle. The Supreme Court granted the plaintiff's motion for summary judgment finding, inter alia, that since the defendant was in default under the terms of the lease, the plaintiff was entitled to damages under paragraphs 22, "Voluntary Early Termination," and 23, "Default" of the lease. This was error.

It is undisputed that the defendant properly and timely

returned the vehicle. However, contrary to the plaintiff's assertions in its supporting affidavit, the lease provision applicable to early voluntary terminations, paragraph 22, does not provide that it is to be applied to the situation here, i.e., where there is a default but the plaintiff returns the vehicle to the location specified in the lease at the lease's scheduled termination. Rather, this situation is covered by paragraph 18 of the lease, captioned "Liability upon Scheduled Termination," that, inter alia, provides for the application of paragraph 23, "Default," in the appropriate case.

The defendant does not deny that she failed to make some of the payments due under the lease. Thus, she was in default. Since paragraph 18 of the lease provides for the application of paragraph 23 in such circumstances, the provisions of those two paragraphs apply to this matter and not paragraph 22 of the lease.

Under paragraph 18, the defendant is still obligated for, inter alia, any unpaid monthly lease payments. While paragraph 23 provides that a failure to make timely payments constitutes a default and may lead to further charges under paragraph 22 of the lease, that provision only takes effect if there is a repossession of the vehicle, something that did not occur here.

While the plaintiff's proof was sufficient to show that the defendant owed three payments of $315 each for a total of $945, it was insufficient as a matter of law to show that she was liable for any other charges or fees that could be imposed under the lease, including, inter alia, late charges, and attorneys' fees. Subtracting the defendant's refundable security deposit of $415 from the amount owed by the defendant, the total owed by her is $530.

The defendant's remaining contentions are either without merit or improperly raised for the first time on this appeal. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.